JUSTICE HUNT,
dissenting:
I dissent. Today the majority, in its modification of the Just rule, is confusing the fundamental purpose of Rule 404(b) with the more mechanical admissibility requirements of Just. The change in our law leaves the accused with an almost insurmountable task in excluding evidence of bad character. I dissented similarly in State v. Sadowski, [247 Mont. 63,] 805 P.2d 537, 48 St.Rep. 93 (1991). The importance *147 of maintaining the distinction between 404(b) and Just cannot be over-emphasized.
Onr criminal justice system is premised on the notion that the accused are innocent until proven guilty. Rule 404(b) is a crucial tool for the preservation of that premise. Rule 404(b) unequivocally states that evidence of other crimes, wrongs, or acts is not admissible as character evidence. The danger of prejudicing a defendant by admission of such evidence constitutes, as Justice Cardozo remarked, “a peril to the innocent.” People v. Zackowitz, 254 N.Y. 192, 194, 172 N.D. 466, 467 (1930). We are therefore charged, by the very foundation of our justice system, to closely scrutinize any procedure which may imperil the rights of the accused.
Rule 404(b), therefore, requires a high degree of relevancy in order to admit other crimes into evidence.
“The rule is that the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character.”
C. McCormick, McCormick’s Handbook of the Law of Evidence (2d ed. 1972), reprinted in J. Kaplan & J. Waltz, Evidence — Cases and Materials 370 (5th ed. 1984) (emphasis added). The list of “other purposes” in Rule 404(b) sets out elements that may be necessary for the prosecution’s case and that may, therefore, be relevant to prove a fact in issue, such as intent, identity, or absence of mistake. The presence of the list does not imply that any evidence of prior acts that tends to show any purpose on the list is by definition relevant. For example, if intent is not an issue, then evidence of other bad acts that demonstrate intent is irrelevant and therefore inadmissible.
The Just rule prescribes certain technical requirements for admissibility. The act must be similar, near in time, tending to establish a common scheme, plan, or system, and more probative than prejudicial. The majority encounters a problem with the third Just element. By seizing on the common scheme or plan element of Just and finding that it looks like the “plan” of 404(b), the majority assumes they are the same thing. It then substitutes Rule 404(b) for the common scheme element of Just, thus expanding the third Just element beyond all meaning.
By replacing the narrow common scheme element of Just with the 404(b) list, we have fallen into the trap warned about by McCormick:
“And so here there is danger that if the judges, trial and appellate, *148 content themselves with merely determining whether the particular evidence of other crimes does or does not fit in one of the approved classes, they may lose sight of the underlying policy of protecting the accused against unfair prejudice. The policy may evaporate through the interstices of the classification.”
Reprinted in Evidence — Cases and Materials at 375.
The policy of protecting the accused against unfair prejudice is sadly evaporating in the State of Montana. The majority admits that evaporation by stating that it is “ehminating the limitation that evidence is admissible only if it shows a common scheme, plan or system.” As I stated in Sadowski, we may as well just come out and say that other acts are admissible. Today, over the federal rule, state rule, and caveats of scholars, we have seen fit to further erode the presumption of innocence and, indeed, “imperil the innocent.”
I agree with the majority that the evidence is not admissible in this case, but do not agree that it was harmless error.
I would reverse.